FILED '09 JUL 29 12:15 USDC-LAE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MAREEYO MINNIE CALHOUN,
                    Plaintiff

versus

HOMEOWNERS FRIEND MORTGAGE COMPANY, INC.;
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST
2007-1; and ABC INSURANCE COMPANY,
                    Defendants

CIVIL ACTION

NO. **09-4568**

**SECT. L MAG. 1**

MAGISTATE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT – JURY TRIAL DEMANDED

NOW INTO COURT through undersigned counsel comes plaintiff, Mareeyo Minnie Calhoun, who asserts the following.

1.

This is an action for damages and declaratory relief relative to defendants' actions as described below, which violate the Truth in Lending Act, 15 U.S.C. §§ 1601-1666 ("TILA") and Regulation Z. TILA and its implementing regulations were enacted by Congress to encourage the informed use of credit by consumers and to enhance economic stabilization and strengthen competition among various financial institutions that extend credit to consumers.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1635, and 15 U.S.C. § 1640. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred.

____ Process
__X_ Dktd
____ CtRmDep
____ Doc. No.

1

**Parties**

3.

Plaintiff, Mareeyo Minnie Calhoun, is a resident of Abita Springs, Louisiana.

4.

Defendant, Homeowners Friend Mortgage Company, Inc. ("Homeowners" or "Homeowners Friend"), is a foreign corporation doing business in this district.

5.

Homeowners is a "creditor" as defined at 15 U.S.C. § 1602(f).

6.

Defendant, Deutsche Bank National Association Trust Company, as Trustee for Saxon Asset Securities Trust 2007-1 (referred to sometimes herein as "Deutsche Trust"), is a foreign corporation doing business in this district.

7.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of the defendant(s) herein, which policy covers the claims made herein. ABC Insurance Company is liable in solido with defendant pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

**Facts**

8.

In November 2006, plaintiff executed an Adjustable Rate Balloon Note (the "Note") and Mortgage to refinance an existing loan and mortgage on her home at 73073 John Court in Abita Springs, Louisiana.   The lender was defendant Homeowners Friend Mortgage Company.

9.

The loan extended by Homeowners Friend is a "federally related mortgage loan" as

2

defined at 12 U.S.C. § 2602(1).

10.

On the night of November 6, 2006, a closing agent for Homeowners Friend went to Ms. Calhoun's home at 73073 John Court in Abita Springs, Louisiana to conduct the closing.

11.

The closing agent was selected by Homeowner's Friend.

12.

The closing agent was acting on behalf of Homeowner's Friend.

13.

Prior to the closing, Calhoun was not given an ARM brochure or other documents informing her of the terms of the Adjustable Rate Balloon Note she was presented with, or explaining how an adjustable rate mortgage works.

14.

After the loan papers were signed, the closing agent left without giving Calhoun a copy of any of the papers she had signed.

15.

The closing agent did not give Calhoun a properly completed written Notice of Right to Cancel the loan within three days.

16.

Prior to or after execution of the Note and Mortgage on November 6, 2006, Homeowners Friend executed a purported assignment of the Note to Saxon Mortgage, Inc., dated November 3, 2006.

17.

After the Note and Mortgage were executed, rights therein were purportedly assigned to

Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS").

18.

The assignment to MERS purportedly was executed and notarized in Orange County, California on November 6, 2006, the same day that plaintiff signed the note in Louisiana.

19.

After the loan was executed, it was securitized.

20.

Deutsche Bank National Trust Company (referred to sometimes herein as "Deutsche Trust") claims to be the Trustee for Saxon Asset Securities Trust 2007-1.

21.

Deutsche Trust claims that the Note executed by plaintiff in favor of Homeowners Friend is among the assets held by Saxon Asset Securities Trust 2007-1.

**Rescission**

22.

On March 26, 2009, plaintiff mailed a letter to Homeowners Friend, notifying it of her decision to exercise her right of rescission and to cancel the loan.

23.

The rescission exercised by plaintiff is allowed under the extended 3-year right of rescission of 15 U.S.C. § 1635(f).

24.

Homeowners Friend received the letter from plaintiff dated March 26, 2009.

25.

Plaintiff mailed a photocopy of the March 26, 2009 rescission letter to the servicer, Saxon Mortgage Services, Inc. ("Saxon").

26.

Saxon received the letter from plaintiff dated March 26, 2009.

27.

Homeowners Friend failed to take the steps required by 15 U.S.C. § 1635(b) after receiving plaintiff's notice of rescission.

28.

When a consumer rescinds a transaction under 15 U.S.C. § 1635, the security interest giving rise to the right of rescission becomes void by operation of law, and the consumer shall not be liable for any amount, including any finance charge. 12 C.F.R. 226.15(d)(1).

## TRUTH IN LENDING ACT VIOLATIONS

29.

Homeowners Friend violated TILA in respects including, but not limited to, failing to provide plaintiff with the notices required by law prior to or at loan consummation, failing to provide her with two copies of a properly completed notice of right to cancel, possible underdisclosure of the finance charge, and failing to take the actions required by law upon receipt of plaintiff's notice of rescission.

30.

Plaintiff exercises her right of rescission against Deutsche Bank to the extent it is an assignee, under 15 U.S.C. § 1641(c).  In addition, Deutche Bank is liable as an assignee of the original creditor under 15 U.S.C. § 1641(a) to the extent that violations are apparent on the face of the disclosures or other documents assigned.

31.

As a result of the aforesaid violations of TILA and Regulation Z, pursuant to 15 U.S.C. § 1635(a), 1640(a) and 1641(c), one or more of the defendants are liable to the plaintiff for:

5

(a)   Rescission of the transaction.

(b)   Termination of any security interest in plaintiff's property created under the transaction;

(c)   Return of any money or property given by the plaintiff to anyone, including the defendants, in connection with the transaction;

(d)   Statutory damages of $2,000 for disclosure violations;

(e)   Statutory damages of $2,000 for failure to properly respond to plaintiff's rescission letter;

(f)   Actual damages in an amount to be determined at trial;

(g)   A reasonable attorney fee;

(h)   All other appropriate relief.

32.

As a result of defendants' actions and failures to act as described herein, plaintiff has suffered damages including but not limited to financial loss.

## DEMAND FOR AN ACCOUNTING

33.

During the course of the loan, plaintiff has been charged numerous fees and penalties, including fees for alleged property inspections.  Plaintiff questions the legitimacy of these fees and charges.

34.

Plaintiff demands an accounting of all transactions associated with her loan account, including but not limited to an itemization of all money received and disbursed, all credits and debits to the account balance, all insurance charged and placed, and all late fees, penalties,

charges for property inspections, attorney fees, and other items charged or demanded.

35.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in her favor and against the defendants and its insurers jointly, severally, and in solido, recognizing the validity of plaintiff's rescission of the loan transaction and ordering appropriate further relief, and for all damages, interest, costs and expenses of litigation, reasonable attorney fees, and all relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY  #21246
321 N. Vermont Street, Suite 204
Covington, LA  70433
PH: 985-892-7222  FAX: 985-892-7075

**PLEASE SERVE:**

Please certify six copies of the amended complaint for service
pursuant to the Louisiana Longarm Statute on:

**HOMEOWNERS FRIEND MORTGAGE COMPANY, INC.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**