# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAREEYO MINNIE CALHOUN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-4568 |
| | * | |
| HOMEOWNERS FRIEND MORTGAGE COMPANY, INC., ET AL | * * | SECTION "L" (1) |

## ORDER AND REASONS

Before the court are Defendant Deutsche Bank National Trust Company and Saxon Mortgage Services, Inc. (collectively, "Deutsche Bank")'s Motion for Order Declaring That They Are Not Required to Take Necessary Steps to Void Security Interest, or in the Alternative, That Any Rescission Be Conditioned on Plaintiff's Tender of Unpaid Principal Loan Amount (Rec. Doc. 18), and Plaintiff Mareeyo Minnie Calhoun's Motion for Partial Summary Judgment (Rec. Doc. 31). For the reasons stated herein, Plaintiff's Motion is DENIED and Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

In November 2006, Mareeyo Minnie Calhoun ("Plaintiff") executed an adjustable rate balloon note (the "Note") and mortgage to refinance an existing loan and mortgage on her home with Defendant lender Homeowners Friend Mortgage Co, Inc. ("Homeowners"). On the night of November 6, 2006, a closing agent for Homeowners visited Plaintiff at her home to effectuate the closing of the Note. While the closing did occur, the parties dispute whether Plaintiff received copies of any paperwork, including two copies of a notice of Plaintiff's right to rescind the transaction within three days of the closing, as required under the Truth in Lending Act. Plaintiff testifies through affidavit that she did not receive any copies of any of the closing papers or other documents at the closing. Plaintiff's daughter, who was present at the closing,

likewise testifies through affidavit that Plaintiff received no copies of any documents at the closing. Plaintiff also asserts, and Deutsche Bank does not dispute, that she received two incomplete rescission notices by FedEx or mail shortly before or after the closing date. The two notices Plaintiff received contain an incomplete blank where the date on which her three-day rescission period would expire should have been filled in.

Deutsche Bank disputes Plaintiff's account of the disclosures provided at the closing. Deutsche Bank submits an affidavit from Natalie Flowers, Document Management Manager for Saxon Mortgage Services, Inc., stating that a "Notice of Right to Cancel" was maintained in Ms. Calhoun's loan file in the ordinary course of business. That Notice contains a handwritten strikethrough correcting the date of the transaction from November 3 to November 6, 2006, initialed by "MC"; a completed correct rescission deadline of November 9, 2006; and, most notably for Deutsche Bank's purposes, a dated signature apparently by Plaintiff[1] underneath the following text:

> ACKNOWLEDGMENT OF RECEIPT
>
> EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE
> RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT
> TO CANCEL.

Thus, Deutsche Bank asserts that there is a factual dispute regarding whether Plaintiff actually received the required notices.

At some point after the closing, Defendant Homeowners then executed a "purported

---

[1] It is unclear to what extent Plaintiff disputes that she signed the Acknowledgment of Receipt. *Compare* Rec. Doc. 42 at 2 ("Even if Ms. Calhoun had signed this version, which is not established by any competent evidence....") *with* Rec. Doc. 27 at 4 ("The mere fact that she may have signed defendants' version of the Notice of Right to Cancel at the closing ...."

2

assignment" of the Note to Defendant Saxon Mortgage, Inc. ("Saxon"), dated November 3, 2006.[2] After execution of the Note the rights therein were purportedly assigned to Mortgage Electronic Registration Systems, Inc. ("MERS"). Following this first assignment, a second assignment was purportedly made to Deutsche Bank National Trust Company. Deutsche Bank claims the Note is among the assets held by Saxon Asset Security Trust, of which Deutsche Bank claims to be Trustee.[3]

On March 26, 2009, more than two years after closing the loan, Plaintiff mailed a letter to Homeowners declaring her intent to exercise her right of rescission, effectively cancelling the loan. Plaintiff claimed this right via 15 U.S.C. § 1635(f) of the Truth in Lending Act ("TILA"), which allows an extended three year right of rescission. Upon receipt of this letter, Homeowners mailed a photocopy of the rescission letter to Saxon, which was also received on March 26, 2009. Despite the notice of rescission, Plaintiff alleges that Homeowners did not take the steps required of it under 15 U.S.C. § 1635(b) to rescind the loan.

Accordingly, Plaintiff has brought suit for damages, rescission, and declaratory relief against Defendants for their violation of the TILA, 15 U.S.C. §§ 1601-1666 and Regulation Z.

## II. PRESENT MOTIONS

Deutsche Bank filed a motion seeking an order clarifying its obligations after Plaintiff's attempted TILA rescission. (Rec. Doc. 18). Specifically, Deutsche Bank asks the Court to hold

---

[2] The Court notes that this date is pre-closing, which remains unexplained by either Plaintiff or Defendant. However, for the purposes of the instant motion, the date is not material.

[3] The Plaintiff claims Defendant has used ambiguous language in claiming the loan was assigned. Hence, they are unsure the loan has been assigned at all. Defendant's language, if taken as unambiguous, leads to the conclusion that the loan was assigned twice and is currently held by Deutsche Bank.

that it is not obligated to take steps to void its security interest in Plaintiff's property until the Court rules that Plaintiff has a valid right to rescind; or, in the alternative, if the Court finds that Plaintiff has a valid right to rescind the transaction and void the security interest in her property, to order that rescission be made contingent upon Plaintiff's tender of the unpaid loan principal secured by that security interest.

Plaintiff has also filed a motion for partial summary judgment. (Rec. Doc. 31). She asks the Court to find that she has a valid right to rescind her loan on the grounds of non-disclosure of the requisite notices; that she has in fact validly rescinded; that the security interest has been voided; and that Defendants Homeowners Friend and Deutsche Bank are liable for their failure to take the necessary steps under the TILA upon receipt of the valid notice of rescission.

Both motions require the Court to analyze the legal and factual sufficiency of Plaintiff's evidence of non-disclosure of the requisite notices of rescission.

### III. LAW AND ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go

4

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

The TILA was enacted in 1968 "to promote the 'informed use of credit' by 'assur[ing] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him.'" *Bustamante v. First Fed. Sav. and Loan Ass'n of San Antonio*, 619 F.2d 360, 364 (5th Cir. 1980) (quoting 15 U.S.C. § 1601). The TILA provisions pertinent to the motions at issue are 15 U.S.C. § 1635(a) and the Federal Reserve Board's corresponding regulations at 12 C.F.R. § 226.23.

Under the TILA, a lender acquiring a security interest in a borrower's dwelling through a consumer credit transaction must "clearly and conspicuously disclose, in accordance with regulations," the borrower's right to rescind the transaction within three days of completion of the transaction, or delivery of rescission forms. The pertinent provisions of § 1635(a) read:

> [T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, *whichever is later*...The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a) (emphasis added). The referenced "regulations of the Board," found in Regulation Z, require delivery of two copies of a notice of the right to rescind which clearly and conspicuously disclose, among other information, "[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(1)(v).

Thus, an obligor generally has three days to rescind a transaction entered into with a creditor. However, this short time period is extended whenever the "information and rescission

5

forms" and "material disclosures" are not delivered during the course of the transaction. In such a case, the right to rescind will remain open for up to three years until the appropriate forms are delivered. 15 U.S.C. § 1635(a), (f).

Plaintiff's motion for partial summary judgment and Deutsche Bank's motion both ask the Court to determine whether Plaintiff has a valid right to rescind. Thus, the Court must decide first whether Plaintiff's alleged facts entitle her to rescind. Second, the Court must decide whether Plaintiff's facts are genuinely disputed.

With respect to the preliminary issue of whether Plaintiff's factual allegations establish a violation of the TILA, the Fifth Circuit's decision in *Williamson v. Lafferty* is directly on point. 698 F.2d 767 (5th Cir. 1983). In *Williamson*, the plaintiff received a right of rescission notice which contained an uncompleted blank where the specific rescission deadline should have been inserted. *Id.* at 768. The Fifth Circuit held that omission of the three-day deadline from the notice "*automatically* violates the [Truth in Lending] Act." *Id.* (emphasis added). Although the notice in *Williamson* contained other TILA deficiencies, the omitted date independently entitled the plaintiff to rescind. *Id.* at 768; *see also Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 99 (5th Cir. 1996) (discussing *Williamson* favorably and recognizing that "Williamson was due the three-year right to rescind based on each violation individually.").

Deutsche Bank acknowledges the *Williamson* opinion but suggests that *Melfi v. WMC Mortgage Corp.* provides a better analysis. 568 F.3d 309, 312 (1st Cir. 2009). In *Melfi*, the plaintiff also argued that he received incomplete notices of his right to rescind omitting the rescission deadline which violated the TILA and extended his right to rescind. *Id.* at 310. The First Circuit disagreed, holding that "the omitted dates made no difference" and that "technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to

6

the final date for rescission and has the three full days to act." *Id.* at 312. *Melfi* dismissed *Williamson* as "elderly" and possibly "in tension with later TILA amendments." *Id.* at 312 & n.1.

Despite the vintage of the opinion, the Fifth Circuit in *Williamson* anticipated and rejected the First Circuit's reasoning in *Melfi*. An omitted rescission date is not harmless even if the plaintiff "could have calculated the expiration period herself," because "the precise purpose of requiring the creditor to fill in the date is to prevent the customer from having to calculate three business days." *Williamson*, 698 F.2d at 769 n.3. Further, *Williamson* is not an outlier opinion; the Ninth Circuit has adopted its reasoning. *See Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704-05 (9th Cir. 1986).

Deutsche Bank also argues that *Williamson* is called into question by subsequent amendments to the TILA and decisions promoting lenient interpretation of disclosure compliance. Neither argument is convincing. The TILA amendments changed class action procedure and disclosure of financial terms, not the rescission notice requirements. *See* Pub. L. No. 104-12, § 2, 109 Stat. 161, 161-162; Pub. L. 104-29, 109 Stat. 271. Further, none of the cases supposedly espousing flexibility in interpreting the TILA are from the Fifth Circuit, nor do they deal with the simple failure to include the calculated rescission deadline.[4] *Williamson* remains the controlling authority. The incomplete notices that Plaintiff received would automatically violate the act and entitle her to rescind.

As a second line of defense, Deutsche Bank disputes Plaintiff's version of the facts.

---

[4] *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (wrong form); *Mills v. EquiCredit Corp.*, 172 Fed. App'x 652, 656 (6th Cir. 2006) (wrong form); *Gambardella v. G Fox & Co.*, 716 F.2d 104, 118 (2nd Cir. 1983) (confusing interest rates).

Plaintiff states that she received no paperwork at all at the transaction closing. In response, Deutsche Bank has produced the Notice which Plaintiff allegedly signed, which contains an acknowledgment of receipt of two copies of a completed notice of the right to rescind. Deutsche Bank argues that the Notice generates a genuine factual dispute regarding whether Plaintiff received the required notices.

Conveniently, the TILA addresses the evidentiary weight to be given to an acknowledgment of receipt. Pursuant to 15 U.S.C. § 1635(c), "[n]otwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter ... does no more than create a rebuttable presumption of delivery thereof." A plaintiff can rebut that presumption of delivery through a sworn affidavit that he or she did not in fact receive the proper disclosures. *Stutzka v. McCarville*, 420 F.3d 757, 762-63 (8th Cir. 2005); *Macheda v. Household Fin. Realty Corp. of N.Y.*, 631 F. Supp. 2d 181, 190-91 (N.D.N.Y. 2008); *see also In re Jones*, 298 B.R. 451, 459 & n.39 (Bankr. D. Kan. 2003) (collecting cases); *but cf. Parker v. Long Beach Mortgage Co.*, 534 F. Supp. 2d 528, 536 (E.D. Pa. 2008) (plaintiffs did not rebut presumption of receipt by testifying they did not remember what they received).

Here, Plaintiff offers two sworn affidavits that she received no documents at all at the mortgage closing, let alone two copies of a properly completed notice of her right to rescind. This evidence amply rebuts the statutory presumption of delivery established by the signed acknowledgment of receipt. Plaintiff goes further and argues that her evidence rebuts the statutory presumption so thoroughly that, in the absence of a contradictory affidavit from the closing officer or some other affirmative proof of delivery, summary judgment should be granted in her favor. However, the majority of cases hold that a plaintiff's rebuttal of the statutory

presumption of delivery by affidavit creates a fact dispute, rather than dispelling the presumption entirely. *E.g.*, *Macheda*, 631 F. Supp. 2d at 191 (plaintiffs' affidavits were "sufficient to raise a question of fact barring summary judgment"); *Cooper v. First Gov't Mortg. & Investors Corp.*, 238 F. Supp. 2d 50, 64-65 (D.D.C. 2002); *In re Pittman*, No. 03-90154, 2004 WL 5848054, at *4 (Bankr. N.D. Ga. Dec. 22, 2004) ("The vast majority of courts hold that a borrower's testimony that the correct number of copies were received creates a question of fact to be decided at trial."); *but see Stone v. Mehlberg*, 728 F. Supp. 1341, 1353-54 (W.D. Mich. 1989). Therefore, Plaintiff's evidence and Deutsche Bank's statutory presumption generate a genuine dispute that must be resolved by the trier of fact. The Court must deny summary judgment on whether Plaintiff has a right to rescind.

Finally, because the validity of Plaintiff's right to rescind is subject to genuine factual dispute, it follows that Plaintiff has not yet actually rescinded the transaction. Deutsche Bank refers the Court to the First Circuit's decision in *Large v. Conseco Financial Servicing Corp.* 292 F.3d 49 (1st Cir. 2002). In *Large*, the First Circuit held that where a lender disputes whether the borrower had a right to rescind, rescission is not automatic upon the borrower's mere assertion of the right:

> The natural reading of this language is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available or because the appropriate decision maker has so determined. If a lender disputes a borrower's purported right to rescind, the designated decision maker ... must decide whether the conditions for rescission have been met. ... [Otherwise], a borrower could rescind a transaction without any statutory justification simply by alleging that the statutory requirements for rescission had been met. That is an untenable position.

*Id.* at 54-55. The Fourth and Ninth Circuits concur. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167,

9

1172 (9th Cir. 2003) (holding that security interest was not immediately voided where lender "contested the notice and produced evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements"); *accord American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007). The Court finds the reasoning of these cases persuasive. A plaintiff's unilateral assertion that proper TILA disclosure was lacking does not automatically create a right to rescind the transaction and void the security interest if the lender raises a genuine issue of material fact regarding the sufficiency of the disclosures.

Because the facts upon which rescission is predicated are in dispute, Plaintiff does not yet have a right to rescind. Therefore, it is premature to discuss how and in what order a right to rescind should be exercised if Plaintiff establishes that right at trial. The Court will not address the numerous other issues raised by Plaintiff's and Deutsche Bank's motions, including whether the Court can or should order Plaintiff to return the principal of the loan before Deutsche Bank is obligated to take steps to void its security interest and other unripe issues.

Accordingly, Plaintiff's motion for partial summary judgment (Rec. Doc. 31) is DENIED. Plaintiff's Motion to Strike Exhibits (Rec. Doc. 26) is DENIED as moot. Plaintiff's *Ex Parte* Motion for Leave to File Supplemental Opposition to Motion of Deutsche Bank National Trust Company and Saxon Mortgage Services (Rec. Doc. 68) and Motion for Leave to File A Supplemental Opposition to the Motion of Deutsche Bank National Trust Company And Saxon Mortgage Services (Rec. Doc. 73) are DENIED as unripe. Deutsche Bank's Motion (Rec. Doc. 18) is GRANTED to the extent that the Court finds that Plaintiff's disputed right to rescind has not been exercised, and DENIED in all other respects. Deutsche Bank's Motion for Leave to File Reply to Plaintiff's Supplemental Opposition to Motion of the Saxon Defendants

(Rec. Doc. 80) and Plaintiff's Motion and Incorporated Memorandum to Continue Hearing and for Leave to File a Response to Defendants' Reply Memorandum (Rec. Doc. 83) are DENIED as MOOT.

New Orleans, Louisiana, this 20th day of September, 2010.

_____
District Court Judge